# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### WESTERN DIVISION

**FILED**

8-8-2016
AUG 0 8 2016

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Clifton Lemon

_____

_____

(Enter above the full name
of the plaintiff or plaintiffs in
this action)

vs.

Tom Dart, et al.,

_____

_____

_____

_____

**16-cv-7115**

(Enter above the full name of ALL
defendants in this action. <u>Do not
use "et al."</u>)

**CHECK ONE ONLY:**          **AMENDED COMPLAINT**

✓ _____  **COMPLAINT UNDER THE CIVIL RIGHTS ACT, TITLE 42 SECTION 1983
U.S. Code** (state, county, or municipal defendants)

_____  **COMPLAINT UNDER THE CONSTITUTION ("BIVENS" ACTION), TITLE
28 SECTION 1331 U.S. Code** (federal defendants)

_____  **OTHER** (cite statute, if known)

*BEFORE FILLING OUT THIS COMPLAINT, PLEASE REFER TO "INSTRUCTIONS FOR
FILING." FOLLOW THESE INSTRUCTIONS CAREFULLY.*

I. **Plaintiff(s):**

    A.    Name: Clifton Lemon

    B.    List all aliases: none

    C.    Prisoner identification number: 20130614109

    D.    Place of present confinement: Cook County Department of Corrections

    E.    Address: 26th and California

(If there is more than one plaintiff, then each plaintiff must list his or her name, aliases, I.D. number, place of confinement, and current address according to the above format on a separate sheet of paper.)

II. **Defendant(s):**
(In **A** below, place the full name of the first defendant in the first blank, his or her official position in the second blank, and his or her place of employment in the third blank. Space for two additional defendants is provided in **B** and **C**.)

    A.    Defendant: Tom Dart, et al

           Title: Cook County Sheriffs

           Place of Employment: Cook County Department of Corrections

    B.    Defendant: _____

           Title: _____

           Place of Employment: _____

    C.    Defendant: _____

           Title: _____

           Place of Employment: _____

(If you have more than three defendants, then all additional defendants must be listed according to the above format on a separate sheet of paper.)

III. List ALL lawsuits you (and your co-plaintiffs, if any) have filed in any state or federal court in the United States:

A. Name of case and docket number: N/A

B. Approximate date of filing lawsuit: N/A

C. List all plaintiffs (if you had co-plaintiffs), including any aliases: N/A

D. List all defendants: N/A

E. Court in which the lawsuit was filed (if federal court, name the district; if state court, name the county): N/A

F. Name of judge to whom case was assigned: N/A

G. Basic claim made: N/A

H. Disposition of this case (for example: Was the case dismissed? Was it appealed? Is it still pending?): N/A

I. Approximate date of disposition: N/A

**IF YOU HAVE FILED MORE THAN ONE LAWSUIT, THEN YOU MUST DESCRIBE THE ADDITIONAL LAWSUITS ON ANOTHER PIECE OF PAPER, USING THIS SAME FORMAT. REGARDLESS OF HOW MANY CASES YOU HAVE PREVIOUSLY FILED, YOU WILL NOT BE EXCUSED FROM FILLING OUT THIS SECTION COMPLETELY, AND FAILURE TO DO SO MAY RESULT IN DISMISSAL OF YOUR CASE. CO-PLAINTIFFS MUST ALSO LIST ALL CASES THEY HAVE FILED.**

IV. **Statement of Claim:**

State here as briefly as possible the facts of your case. Describe how each defendant is involved, including names, dates, and places. **Do not give any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

my claim is the Cook County Department of Correction has established a grievance procedure that is Available to all the Inmates But Cook County Department of Corrections voilted the Constitutinal Rights for a grievance ~~procedure~~ from 2014 to 2016 I Been writeing grievance and as you can see the original grievance which I have giveing you to show How Badly the grievance Procedure is at the Cook County Department of Correction Because every grievance that I have gave to a Counselor Comes Back with a Signture and the Inmate's Request for an Appeal is X out and that clearly voilated my Constitutinal Rights for fileing a grievance has Been violated By Cook County Department of Corrections for not allowing me to have Inmate Request for an Appeal and my Process of a grievance in my case

Revised 9/2007

V. **Relief:**

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

_I want to Be Compensated for all Actions of Wrong Doing._

VI. The plaintiff demands that the case be tried by a jury. ☒ YES ☐ NO

CERTIFICATION

By signing this Complaint, I certify that the facts stated in this Complaint are true to the best of my knowledge, information and belief. I understand that if this certification is not correct, I may be subject to sanctions by the Court.

Signed this _FRi_ day of _29_, 20_16_

_Clifton Lemon_
(Signature of plaintiff or plaintiffs)

_Clifton Lemon_
(Print name)

_20130614109_
(I.D. Number)

_5021 W. BloomDale Chicago Ill, 60639_

(Address)

## INSTRUCTIONS
## FOR SUBMITTING DOCUMENTS
## TO BE FILED IN OUR COURT

The following are a list of procedures that should be followed when submitting documents to be filed in our court. These procedures will enable us to process your documents properly and promptly.

1. Include on your documents the **case number** given to your complaint by our court, the ju**dge's name**, the **title of the case**, and a **descriptive** <u>title</u> **of your document**.

2. You should send your documents to:

   Prisoner Correspondence
   Clerk's Office
   U.S. District Court
   219 South Dearborn Street
   Chicago, IL  60604

   who will process the document(s) and forward them to the appropriate judge. If you send your documents to any other location it will only delay the processing and docketing.

3. Attach a certificate of service to the **back** of your document. A certificate of service is a statement indicating that you have sent defendant's attorney a copy of your document (see <u>**example**</u> below). **DO NOT USE THIS <u>EXAMPLE</u>**. The certificate should state to whom copies were mailed and the date of mailing.

4. Local Rule 5.2(f) states that "Each person or party filing a paper version of a pleading, motion, or document, other than an appearance form, motion to appear pro hac vice, or return of service, shall file in addition to the original a copy for use by the court."

   Complaints: Complaints require the **original**, **one copy for the** Judge and **one copy for <u>each</u> named defendant(s)**. If you submit more copies than this Court's requirement, they will be stamped and returned to you.

Please note that the court may strike your document or direct their return if they do not comply with these directions.

### **(EXAMPLE of)** <u>Certificate of Service</u>

I, (<u>plaintiff's name</u>), swear under penalty of perjury that I served a copy of the attached document on (<u>name and address of counsel for defendants</u>), by placing it in the mail at the _____ Correctional Center on (<u>date</u>).

_____

Note: If defendants are not represented by the same attorney, then each attorney must be served.

Certificate of Service

I, Clifton Lemon, swear under penalty of perjury that I served a copy of the attached document on _____, by placing in the mail at the Cook County Department Correctional Center on

Date 07/29/16

# COOK COUNTY SHERIFF'S OFFICE
*(Oficina del Alguacil del Condado de Cook)*

## INMATE GRIEVANCE FORM
*(Formulario de Queja del Preso)*

☐ GRIEVANCE  ☐ NON-GRIEVANCE (REQUEST)

**CONTROL #**

---

**! This section is to be completed by Program Services staff - ONLY !** *(! Para ser llenado solo por el personal de Program Services !)*

**GRIEVANCE FORM PROCESSED AS:**
- ☐ EMERGENCY GRIEVANCE
- ☐ GRIEVANCE
- ☐ NON-GRIEVANCE (REQUEST)

*Program Services Supervisor Approving Non-Grievance (Request) Signature*

**REFERRED TO:**
- ☐ CERMAK HEALTH SERVICES
- ☐ SUPERINTENDENT: _____
- ☐ OTHER: _____

---

## INMATE INFORMATION *(Información del Preso)*

**PRINT - INMATE LAST NAME** *(Apellido del Preso):* Lemon
**PRINT - FIRST NAME** *(Primer Nombre):* Clifton
**ID Number** *(# de identificación):* 20130614109
**DIVISION** *(División):* Div-1
**LIVING UNIT** *(Unidad):* G2-cell-11
**DATE** *(Fecha):* 03/27/14

---

**INMATE'S BRIEF SUMMARY OF THE COMPLAINT** *(Breve Resumen de los Hechos del Preso):*

* An inmate wishing to file a grievance is required to do so within 15 days of the event he/she is grieving.
* Inmate Disciplinary Hearing Board decisions cannot be grieved or appealed through the use of an Inmate Grievance Request/Response/Appeal Form.
* When a grievance issue is processed as a NON-GRIEVANCE (REQUEST), an inmate may re-submit the grievance issue after 15 days to obtain a "Control Number" if there has been no response to the request or the response is deemed unsatisfactory.

* Un preso que desea llenar una queja, se le requiere que lo haga dentro de los 15 días después del incidente.
* Las decisiones del Comité Disciplinario de los presos, no podrán ser cuestionadas o Apeladas a través del uso del Formulario de Quejas/Respuesta/Forma de Apelación.
* Cuando una Queja se procesa como una QUEJAS NO (PETICION), un preso podría re-someter una Queja después de los 15 días para recibir un "Numero de Control", ya sea porque no hay una respuesta o porque la respuesta es insatisfactoria.

**PLEASE INCLUDE:** Date of Incident — Time of Incident — Specific Location of Incident
*(Por Favor, Incluya: Fecha Del Incidente — Hora Del Incidente — Lugar Específico Del Incidente)*

On the above date at approx 9:20 P.m We the Inmates on "G2" Was Informed By an Unknown Source That all Division (1) one Detainees along with our family and friends and all our loved ones are Being Exposed to Asbestos in the Visiting room the Officers are Being Ordered By Director of this facility to not Inform the Inmates or their families that Asbestos has Been found Which makes this Incident not Only Cruel Unusual Punishment But also matter of Criminal Negligence

**ACTION THAT YOU ARE REQUESTING** *(Acción que esta solicitado):* An Immediate hault of all Visits going into the division (1) Visiting room area. Until said area has Been Declared Safe from hazordous Exposure and One half a million dollars 500,000°°

**NAME OF STAFF OR INMATE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:**
*(Nombre del personal o presos que tengan información:)*

**INMATE SIGNATURE** *(Firma del Preso):*

---

SUPERINTENDENTS/DIRECTORS/DESIGNEES OF A DIVISION/UNIT MUST REVIEW AND SIGN ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT, AND EMERGENCY GRIEVANCES. IF THE INMATE GRIEVANCE IS OF A SERIOUS NATURE, THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION.

**CRW/PLATOON COUNSELOR (Print):** Ireland
**SIGNATURE:**
**DATE CRW/PLATOON COUNSELOR RECIEVED:** 3/27/14

**SUPERINTENDENT/DIRECTOR/DESIGNEE (Print):**
**SIGNATURE:**
**DATE REVIEWED:** __/__/__

(FCN-47)(NOV 11)   (WHITE COPY – PROGRAM SERVICES)   (YELLOW COPY – CRW/PLATOON COUNSELOR)   (PINK COPY – INMATE)



# COOK COUNTY SHERIFF'S OFFICE
*(Oficina del Aguacil del Condado de Cook)*

## INMATE GRIEVANCE RESPONSE / APPEAL FORM
*(Petición de Queja del Preso/Respuesta/Forma de Apelación)*

☐ GRIEVANCE ☐ NON-GRIEVANCE (REQUEST)

CONTROL # N/A

### INMATE INFORMATION

INMATE LAST NAME *(Apellido del Preso)*: Lemon
INMATE FIRST NAME *(Primer Nombre)*: Clifton
ID Number *(# de Identificación)*: 20130014109

### GRIEVANCE / NON-GRIEVANCE (REQUEST) REFERRAL & RESPONSE
(EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFETY OF AN INMATE)

CRW/PLATOON COUNSELOR'S SUMMARY OF THE COMPLAINT:
370 - Visitations

IMMEDIATE CRW/PLATOON COUNSELOR RESPONSE (if applicable):
N/A

CRW/PLATOON COUNSELOR REFERRED THIS GRIEVANCE/REQUEST TO: Ot Supt
DATE REFERRED: 3/30/14

RESPONSE BY PERSONNEL HANDLING REFERRAL: Facility Mgt Engineers, Asst Director Div One Supt. Martinez has not deemed the VISITATION Area "UNSAFE" FOR Detainee #17 Civilian, Staff Use.

PERSONNEL RESPONDING TO GRIEVANCE (Print): CMDR. K. Harris
SIGNATURE: Cmdr. [signature]
DIV./DEPT.: One
DATE: 3/31/14

SUPERINTENDENT/DIRECTOR/DESIGNEE (Print): 
DATE: __/__/__

NON-GRIEVANCE (REQUEST) SUBJECT CODE:
☐ GRIEVANCE SUBJECT CODE: ___
☐ NON-GREIVANCE SUBJECT CODE: ___

INMATE SIGNATURE: Refused to sign PT.
DATE RESPONSE WAS RECEIVED: 4/2/14

### INMATE'S REQUEST FOR AN APPEAL *(Solicitud de Apelación del Preso)*

* To exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response.
* Las apelaciones tendrán que ser sometidas dentro del los 14 días; a partir que el preso recibió la respuesta para agotar todas las posibles respuestas administrativas.

DATE OF INMATE'S REQUEST FOR AN APPEAL: __/__/__

INMATE'S BASIS FOR AN APPEAL:

ADMINISTRATOR/DESIGNEE'S ACCEPTANCE OF INMATE'S APPEAL? Yes ☐ No ☐

ADMINISTRATOR/DESIGNEE'S DECISION OR RECOMMENDATION:

ADMINISTRATOR/DESIGNEE: Cmdr. K. Harris
SIGNATURE: Cmdr. [signature]
DATE: 3/31/14

INMATE SIGNATURE:
DATE INMATE RECEIVED APPEAL RESPONSE: __/__/__

(FCN-48)(NOV 11)    (WHITE COPY – PROGRAM SERVICES)    (YELLOW COPY – C.R.W./PLATOON COUNSELOR)    (PINK COPY – INMATE)



# COOK COUNTY SHERIFF'S OFFICE
*(Oficina del Alguacil del Condado de Cook)*

## INMATE GRIEVANCE FORM
*(Formulario de Queja del Preso)*

☐ GRIEVANCE  ☐ NON-GRIEVANCE (REQUEST)

CONTROL # : _____  INMATE ID # : _____

**! THIS SECTION IS TO BE COMPLETED BY INMATE SERVICES STAFF ONLY !** *(¡ Para ser llenado solo por el personal de Inmate Services !)*

**GRIEVANCE FORM PROCESSED AS:**
☐ EMERGENCY GRIEVANCE
☐ GRIEVANCE
☐ NON-GRIEVANCE (REQUEST)

**REFERRED TO:**
☐ CERMAK HEALTH SERVICES
☐ SUPERINTENDENT: _____
☐ OTHER: _____

**INMATE INFORMATION** *(Información del Preso)*

PRINT - INMATE LAST NAME: **Leman**
PRINT - FIRST NAME: **Clifton**
INMATE BOOKING NUMBER: **20130614109**
DIVISION: **Div-10**
LIVING UNIT: **3B Cell 23**
DATE: **07/02/16**

**INMATE'S BRIEF SUMMARY OF THE COMPLAINT** *(Breve Resumen de los Hechos del Preso)*:

- An inmate wishing to file a grievance is required to do so within 15 days of the event he/she is grieving.
- Inmate Disciplinary Hearing Board decisions cannot be grieved or appealed through the use of an Inmate Grievance Request/Response/Appeal Form.
- When a grievance issue is processed as a NON-GRIEVANCE (REQUEST), an inmate may re-submit the grievance issue after 15 days to obtain a "Control Number" if there has been no response to the request or the response is deemed unsatisfactory.
- Only one (1) issue can be grieved per form.

DATE OF INCIDENT: **04/15/16**
TIME OF INCIDENT: **9:30 Pm**
SPECIFIC LOCATION OF INCIDENT: **Div-10 3B**

I want to no if my cell water has Been tested for Lead Because it Don't tast Right and it has Particles in the Water When it Comes out of the Sink in my cell and Sometimes have a light Brown color and I Been Drinking this water and if Lead is found in this water this is Cruel and unusual Punishment and also A of Criminal Negligentees

**ACTION THAT YOU ARE REQUESTING, THIS SECTION MUST BE COMPLETED** *(Acción que esta solicitado, Esta sección debe completarse)*:

I want an Immediately Investigation of all the Drinking Water in the Cook County Jail and Div-10 and Div-one Because I was house their and I Want to Be Compensated for all Action found Negligent

NAME OF STAFF OR INMATE(S) HAVING INFORMATION REGARDING THIS COMPLAINT:

INMATE SIGNATURE AND DATE: *Clifton Leman*

CRW/PLATOON COUNSELOR (Print): MCC
SIGNATURE: *[signature]*
DATE CRW/PLATOON COUNSELOR RECIEVED: **7-8-16**

SUPERINTENDENT/DIRECTOR/DESIGNEE (Print): _____
SIGNATURE: _____
DATE REVIEWED: _____

(FCN-40)(SEP 14)  **WHITE COPY** – INMATE SERVICES  **YELLOW COPY** – CRW/PLATOON COUNSELOR  **PINK COPY** – INMATE



# COOK COUNTY SHERIFF'S OFFICE
*(Oficina del Alguacil del Condado de Cook)*

## INMATE GRIEVANCE RESPONSE / APPEAL FORM
*(Petición de Queja del Preso / Respuesta / Forma de Apelación)*

0182662

☐ GRIEVANCE     ☒ NON-GRIEVANCE (REQUEST)

**CONTROL #:** NA

### INMATE INFORMATION *(Información del Preso)*

| INMATE LAST NAME *(Apellido del Preso)* | INMATE FIRST NAME *(Primer Nombre)* | ID Number *(# de identificación)* |
|---|---|---|
| LEMON | CLIFTON | 2013 0614109 |

### GRIEVANCE / NON-GRIEVANCE (REQUEST) REFERRAL & RESPONSE
*(EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFETY OF AN INMATE)*

**CRW / PLATOON COUNSELOR'S SUMMARY OF THE COMPLAINT:** 170 LIVING CONDITION

**IMMEDIATE CRW / PLATOON COUNSELOR RESPONSE (if applicable):**

**CRW / PLATOON COUNSELOR REFERRED THIS GRIEVANCE / REQUEST TO** (Example: Superintendent, Cermak Health services, Personnel): SUPPORT SERV

**DATE REFERRED:** 7 / 11 / 16

**RESPONSE BY PERSONNEL HANDLING REFERRAL:** (See Attached)

**PERSONNEL RESPONDING TO GRIEVANCE (Print):** _____  **SIGNATURE:** _____  **DIV./DEPT.:** Support Serv  **DATE:** 7 / 21 / 16

**Superintendents of a division/unit must review all responses to grievances alleging staff use of force, staff misconduct and emergency grievances.**

**SUPERINTENDENT / DIRECTOR / DESIGNEE (Print):** _____  **SIGNATURE:** _____  **DIV./DEPT.:** _____  **DATE:** __/__/__

**NON-GRIEVANCE (REQUEST) SUBJECT CODE** (Check applicable box):
☐ GRIEVANCE SUBJECT CODE: _____
☐ NON-GRIEVANCE SUBJECT CODE: _____

**INMATE SIGNATURE *(Firma del Preso):*** Clifton Lemon

**DATE RESPONSE WAS RECEIVED:** *(Fecha en que la respuesta fue recibida):* 07 / 21 / 16

### INMATE'S REQUEST FOR AN APPEAL *(Solicitud de Apelación del Preso)*

* To exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response.
* Las apelaciones tendrán que ser sometidas dentro de los 14 días; a partir que el preso recibió la respuesta para agotar todas las posibles respuestas administrativas.

**DATE OF INMATE'S REQUEST FOR AN APPEAL:** *(Fecha de la solicitud del la apelacion del detenido):* __/__/__

**INMATE'S BASIS FOR AN APPEAL** *(Base del detenido para una apelacion):*

**ADMINISTRATOR / DESIGNEE'S ACCEPTANCE OF INMATE'S APPEAL?**
*¿Apelación del detenido aceptada por el administrador o/su designado(a)?*
Yes *(Si)* ☐   No ☐

**ADMINISTRATOR / DESIGNEE'S DECISION OR RECOMMENDATION** *(Decision o recomendacion por parte del administrador o / su designado(a)):*

**ADMINISTRATOR / DESIGNEE** *(Administrador o / su Designado(a)):* _____
**SIGNATURE** *(Firma del Administrador o / su Designado(a)):* _____
**DATE** *(Fecha):* __/__/__

**INMATE SIGNATURE** *(Firma del Preso):* _____
**DATE INMATE RECEIVED APPEAL RESPONSE:** *(Fecha en que el Preso recibio respuesta a su apelacion):* __/__/__

FCN-48 (Rev. 09/14)   WHITE COPY - PROGRAM SERVICES   YELLOW COPY - CRW / PLATOON COUNSELOR   PINK COPY - INMATE



# COOK COUNTY SHERIFF'S OFFICE
*(Oficina del Alguacil del Condado de Cook)*

## INMATE GRIEVANCE FORM
*(Formulario de Queja del Preso)*

| CONTROL # | INMATE ID # |
|---|---|
| | |

**! THIS SECTION IS TO BE COMPLETED BY INMATE SERVICES STAFF ONLY !** *(¡Para ser llenado solo por el personal de Inmate Services !)*

**GRIEVANCE FORM PROCESSED AS:**
- [ ] EMERGENCY GRIEVANCE
- [ ] GRIEVANCE
- [ ] NON-GRIEVANCE (REQUEST)

**REFERRED TO:**
- [ ] CERMAK HEALTH SERVICES
- [ ] SUPERINTENDENT: _____
- [ ] OTHER: _____

### INMATE INFORMATION *(Información del Preso)*

| PRINT - INMATE LAST NAME: | PRINT - FIRST NAME: | INMATE BOOKING NUMBER: |
|---|---|---|
| Lemon | Clifton | 20130614109 |

| DIVISION: | LIVING UNIT: | DATE: |
|---|---|---|
| Div-10 | 3B cell 23 | 07/08/16 |

### INMATE'S BRIEF SUMMARY OF THE COMPLAINT

- An inmate wishing to file a grievance is required to do so within 15 days of the event he/she is grieving.
- Inmate Disciplinary Hearing Board decisions cannot be grieved or appealed through the use of an Inmate Grievance Request/Response/Appeal Form.
- When a grievance issue is administratively determined to be processed as a non-grievance request, it will not be assigned a control #, nor can it be appealed or remedies exhausted, however, an inmate may re-submit the grievance issue after 15 days to obtain a "Control Number" if there has been no response to the request, or the response is deemed unsatisfactory.
- Only one (1) issue can be grieved per form.

| DATE OF INCIDENT | TIME OF INCIDENT | SPECIFIC LOCATION OF INCIDENT |
|---|---|---|
| 04/15/16 thu 07/08/16 | 9:30 Pm | Div-10 3B |

I want my cell water tested for lead Because it Don't tast Right and it has Particles in the Water When it Comes out of the Sink in my cell and Sometimes have a light Brown Color to it and I Been Drinking this Water and if lead is found in this water this Cruel and Unusual Punishment and also A matter of Crimnal Negentes

**ACTION THAT YOU ARE REQUESTING, THIS SECTION MUST BE COMPLETED**

I Want an Immediately Investigtion of all the Drinking Water in the Cook County Jail and Div-10 and Div-1 where I was housed and I want to Be Compensated for all actions found Negligent

IF YOU HAVE ELECTED TO SUBMIT YOUR GRIEVANCE FORM MORE THAN 2 DAYS SINCE WRITING AND/OR DATING IT ORIGINALLY, YOU WILL BE ASKED TO REVISE THE DATE AND INITIAL TO ACCURATELY REFLECT THE DAY YOU CHOSE TO SUBMIT THE FORM.

| NAME OF STAFF OR INMATE(S) HAVING INFORMATION REGARDING THIS COMPLAINT: | INMATE SIGNATURE AND DATE: |
|---|---|
| | Clifton Lemon |

SUPERINTENDENT/DIRECTOR/DESIGNEE OF A DIVISION/UNIT MUST REVIEW AND SIGN ALL GRIEVANCES ALLEGING STAFF USE OF FORCE, STAFF MISCONDUCT, AND EMERGENCY GRIEVANCES. IF THE INMATE GRIEVANCE IS OF A SERIOUS NATURE, THE SUPERINTENDENT MUST INITIATE IMMEDIATE ACTION.

| CRW/PLATOON COUNSELOR (Print): | SIGNATURE: | DATE CRW/PLATOON COUNSELOR RECIEVED: |
|---|---|---|
| McCoy | | 7-9-16 |

| SUPERINTENDENT/DIRECTOR/DESIGNEE (Print): | SIGNATURE: | DATE REVIEWED: |
|---|---|---|
| | | |

(FCN-40)(APR15)    (WHITE COPY – INMATE SERVICES)    (YELLOW COPY – CRW/PLATOON COUNSELOR)    (PINK COPY – INMATE)

# COOK COUNTY SHERIFF'S OFFICE
*(Oficina del Aguacil del Condado de Cook)*

## INMATE GRIEVANCE RESPONSE / APPEAL FORM
*(Petición de Queja del Preso/Respuesta/Forma de Apelación)*

☑ GRIEVANCE ☐ NON-GRIEVANCE (REQUEST)

CONTROL #: N/A

### INMATE INFORMATION

INMATE LAST NAME *(Apellido del Preso)*: Lemon
INMATE FIRST NAME *(Primer Nombre)*: Clifton
ID Number *(# de Identificación)*: 20130614109

### GRIEVANCE / NON-GRIEVANCE (REQUEST) REFERRAL & RESPONSE
*(EMERGENCY GRIEVANCES ARE THOSE INVOLVING AN IMMEDIATE THREAT TO THE WELFARE OR SAFETY OF AN INMATE)*

CRW/PLATOON COUNSELOR'S SUMMARY OF THE COMPLAINT: OTO Facility Repairs

IMMEDIATE CRW/PLATOON COUNSELOR RESPONSE (if applicable):

CRW/PLATOON COUNSELOR REFERRED THIS GRIEVANCE/REQUEST TO: Facilities Management
DATE REFERRED: 1/11/16

RESPONSE BY PERSONNEL HANDLING REFERRAL: (See Attached)

PERSONNEL RESPONDING TO GRIEVANCE (Print): [illegible]
SIGNATURE: [signature]
DIV./DEPT.: [illegible] Works
DATE: 2/14/16

Superintendents of a division/unit must review all responses to grievances alleging staff use of force, staff misconduct and emergency grievances.

SUPERINTENDENT/DIRECTOR/DESIGNEE (Print):
SIGNATURE:
DIV./DEPT.:
DATE:

NON-GRIEVANCE (REQUEST) SUBJECT CODE (Check applicable box):
☐ GRIEVANCE SUBJECT CODE: _____
☐ NON-GREIVANCE SUBJECT CODE: _____

INMATE SIGNATURE *(Firma del Preso)*: Clifton Lemon

DATE RESPONSE WAS RECEIVED *(Fecha en que la respuesta fue recibida)*: 07/17/16

### INMATE'S REQUEST FOR AN APPEAL *(Solicitud de Apelación del Preso)*

* To exhaust administrative remedies, appeals must be made within 14 days of the date the inmate received the response.
* Las apelaciones tendrán que ser sometidas dentro del los 14 días; a partir que el preso recibió la respuesta para agotar todas las posibles respuestas administrativas.

DATE OF INMATE'S REQUEST FOR AN APPEAL: ____/____/____

INMATE'S BASIS FOR AN APPEAL:

ADMINISTRATOR/DESIGNEE'S ACCEPTANCE OF INMATE'S APPEAL?
Yes ☐   No ☐

ADMINISTRATOR/DESIGNEE'S DECISION OR RECOMMENDATION:

ADMINISTRATOR/DESIGNEE:
SIGNATURE:
DATE: ____/____/____

INMATE SIGNATURE:
DATE INMATE RECEIVED APPEAL RESPONSE: ____/____/____

(FCN-48)(NOV 11)   (WHITE COPY – PROGRAM SERVICES)   (YELLOW COPY – C.R.W./PLATOON COUNSELOR)   (PINK COPY – INMATE)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CLIFTON LEMON (#2013-0614109), ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 16 C 7115 |
| v. ) | |
| ) | Judge Jorge L. Alonso |
| TOM DART, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

    Plaintiff's application for leave to proceed *in forma pauperis* [3] is granted. The Court orders the trust fund officer at plaintiff's place of incarceration to deduct $20.02 from plaintiff's account for payment to the Clerk of Court as an initial partial payment of the filing fee, and to continue making monthly deductions in accordance with this order. However, summonses shall not issue at this time. The complaint is dismissed without prejudice for failure to state an actionable claim. The Court grants plaintiff the opportunity to submit an amended complaint, if he believes that he can articulate a plausible (and administratively exhausted) claim for relief in federal court. The Court directs the Clerk to: (1) electronically send a copy of this order to the Supervisor of the Inmate Trust Fund Accounts at the Cook County Jail; and (2) mail plaintiff an amended civil rights complaint form, a blank USM-285 (Marshals Service) form, and instructions along with a copy of this order. Plaintiff's failure to submit an amended complaint by August 22, 2016 will result in the summary dismissal of this case in its entirety.

## STATEMENT

    Plaintiff, Clifton Lemon, an inmate in the custody of the Cook County Department of Corrections, brought this pro se civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants, Cook County Sheriff Tom Dart and the Cook County Jail, violated plaintiff's constitutional rights by subjecting him to inhumane conditions of confinement and acting with deliberate indifference to his health and safety. More specifically, plaintiff alleges that he was told that the visiting room for the housing unit where he spent several months exposed him to asbestos. Currently before the Court are plaintiff's application to proceed *in forma pauperis* as well as his complaint for initial review under 28 U.S.C. § 1915A.

    Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff is assessed an initial partial filing fee of $20.02. The trust fund officer at plaintiff's place of incarceration is directed to collect, when funds exist, the partial filing fee from plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, plaintiff's trust fund officer is authorized and ordered to collect monthly payments

from plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify plaintiff's name and this case number. The inmate trust account office shall notify transferee authorities of any outstanding balance in the event of plaintiff's transfer to another correctional facility.

However, plaintiff must submit an amended complaint because the document on file fails to state a colorable claim for relief under 42 U.S.C. § 1983.

Under 28 U.S.C. §§ 1915(e)(2) and 1915A(a), the Court is required to screen a pro se prisoner's complaint and dismiss it, or any claims therein, if the Court determines that the complaint or claim is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See Jones v. Bock,* 549 U.S. 199, 214 (2007); *Turley v. Rednour,* 729 F.3d 645, 649 (7th Cir. 2013).

Courts screen prisoner litigation claims using the standard applicable to Federal Rule of Civil Procedure 12(b)(6) motions to dismiss. *See Maddox v. Love,* 655 F.3d 709, 718 (7th Cir. 2011). A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 820 (7th Cir. 2009). Under Rule 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The short and plain statement under Rule 8(a)(2) must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citation omitted). Under the federal notice pleading standards, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* Put differently, a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570).

"In reviewing the sufficiency of a complaint under the plausibility standard, [courts] accept the well-pleaded facts in the complaint as true." *Alam v. Miller Brewing Co.,* 709 F.3d 662, 665-66 (7th Cir. 2013). Courts also construe pro se complaints liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (per curiam). But a plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in the complaint. *See, e.g., Whitlock v. Brown,* 596 F.3d 406, 412 (7th Cir. 2010) (citations omitted) ("A judicial admission trumps evidence. This is the basis of the principle that a plaintiff can plead himself out of court."). Moreover, the Court "need not accept as true legal conclusions, or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Brooks v. Ross,* 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Iqbal,* 556 U.S. at 678).

2

Plaintiff alleges the following facts, which are assumed to be true for purposes of the Court's threshold review. Plaintiff was housed in the Cook County Jail's Division 1 from August 2013 to December 2015. In March 2014, an unnamed officer told plaintiff and other detainees in his unit that they were being exposed to asbestos in the visiting room. The officer additionally stated that the director of the division had told the officers not to inform the inmates or their families about the asbestos. Plaintiff filed a grievance asking to be tested for lead poisoning, but he never received a response to his grievance.

The facts alleged in the complaint do not state a tenable federal cause of action. First, the Cook County Jail is not a suable entity. *See, e.g., Castillo v. Cook Cty. Dep't Mail Room*, 990 F.2d 304 (7th Cir. 1993); *Fanning v. Cook Cty.*, No. 05 C 2020, 2006 WL 385065, at *3 (N.D. Ill. Feb. 15, 2006) (the Cook County Department of Corrections is not a suable entity); *Ferguson v. Cook Cty. Jail*, No. 04 C 7087, 2004 WL 2967444, at *2 (N.D. Ill. Nov. 19, 2004) (the jail is not a suable entity).

Second, plaintiff fails to state a plausible claim. His reliance on an offhand, hearsay remark by a correctional officer is insufficient to state a claim. *See Holcomb v. Ill. Dep't of Corr.*, No. 13 CV 1006, 2014 WL 430150, at *1 (S.D. Ill. Feb. 4, 2014) (dismissing complaint on initial screening, while acknowledging that asbestos exposure is a health hazard, where inmate made the conclusory claim that his risk of exposure to asbestos was an ongoing "risk of serious physical injury regarding the conditions of [his] confinement"); *Brown-Mingo v. Fresno Cty. Jail*, No. 09 CV 00271, 2010 WL 2838627, at *3 (E.D. Cal. July 20, 2010) ("Plaintiff has offered no facts in support of her conclusion that Fresno County Jail has a serious asbestos problem. Nor has Plaintiff explained how she knows Fresno County Jail has a serious asbestos problem—it is unclear if Plaintiff personally saw the asbestos, where the asbestos was found, or how Plaintiff was exposed to it.") Plaintiff has failed to set out any facts that allow a reasonable inference that the Sheriff exposed him to a substantial risk of serious harm.

Furthermore, plaintiff's own exhibits appear to contradict some of the allegations in his complaint. Plaintiff states that he received no response to his grievance, but the grievance attached to his complaint contains a written response from his counselor or a grievance investigator. The responder replied, "Facility Mgt Engineers Asst Director Div One Supt. Martinez has not observed the visitation area 'unsafe' for detainees." Although the response is not particularly meaningful, it would not be fair to say that correctional officials failed to respond to plaintiff's grievance.

The grievance raises another possible obstacle to suit: the document seems to suggest that plaintiff never appealed the denial of his grievance. Irrespective of his factual allegations, plaintiff may not bring suit unless and until he finalizes the grievance process.

The Prison Litigation Reform Act of 1996 ("PLRA") contains a comprehensive administrative exhaustion requirement. Under the PLRA, "[n]o action shall be brought with respect to prison conditions . . . by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997(e)(a); *see also Jones*, 549 U.S. at 204; *Maddox*, 655 F.3d at 720. "[I]f a prison has an internal administrative grievance system through which a prisoner can seek to correct a problem, then the prisoner must utilize that administrative system before filing a claim under

Section 1983." *Massey v. Helman*, 196 F.3d 727, 733 (7th Cir. 1999); *Howard v. Maselko*, No. 11 C 9278, 2013 WL 1707955, at *2 (N.D. Ill. Apr. 19, 2013).

In order to satisfy the PLRA's exhaustion requirement, a prisoner "must take all steps prescribed by the prison's grievance system." *Ford v. Johnson*, 362 F.3d 395, 397 (7th Cir. 2004). An inmate must comply with the rules established by the state with respect to the form, timeliness, and content of grievances. *Dale v. Lappin*, 376 F.3d 652, 655 (7th Cir. 2004); *Pozo v. McCaughtry*, 286 F.3d 1022, 1023-25 (7th Cir. 2002). "Administrative remedies have not been exhausted unless the inmate has given the process a chance to work and followed through with administrative appeals." *Worthem v. Boyle*, 404 F. App'x 45, 46 (7th Cir. 2010) (citing *Ford*, 362 F.3d at 398-400; *Dixon v. Page*, 291 F.3d 485, 490-91 (7th Cir. 2002)). If a prisoner fails to properly avail himself of the institution's grievance process, he may lose his right to sue. *Massey*, 196 F.3d at 733; *Howard*, 2013 WL 1707955, at *2.

The Cook County Department of Corrections has established a grievance procedure that is available to all inmates. *Brengettcy v. Horton*, 423 F.3d 674, 678 (7th Cir. 2005). This process requires filing a grievance and an appeal. *Id.* A prisoner plaintiff must complete the full exhaustion process before bringing suit in federal court. 42 U.S.C. § 1997e(a). An inmate at the Cook County Jail is required to submit a grievance in a designated lockbox within fifteen days of the matter being grieved. *Stallings v. Cook Cty.*, No. 11 C 7349, 2013 WL 3669623, at *4 (N.D. Ill. July 12, 2013). The grievances are picked up daily by a Correctional Rehabilitation Worker, who must address the grievance within thirty days. *Id.* If dissatisfied with the response, the inmate must bring an appeal within fourteen days thereafter. *Id.* The appeal completes the grievance process. *Id.*

The Seventh Circuit has taken a "strict compliance" approach to exhaustion. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). A prisoner must properly use the institution's grievance process. If he fails to do so, correctional administrators can refuse to consider the grievance, and the prisoner's claim can be "indefinitely unexhausted." *Id.* (citing *Pozo*, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.")). Although exhaustion is an affirmative defense that need not be alleged in a complaint, if the existence of the affirmative defense is clear from the face of the complaint, a district court may dismiss on that ground without waiting for an answer. *See Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002). Here, the section of plaintiff's grievance response where he could have requested an appeal is crossed out. If plaintiff initiated suit regarding asbestos exposure without first completing the grievance process, dismissal for non-exhaustion would be warranted.

The Court also advises plaintiff that incidental exposure to minute levels of asbestos would not likely implicate the Fourteenth Amendment. "[T]hat a prison contains asbestos is not cruel and unusual, in that asbestos is present in many public buildings and the difficulties it presents is a fact of contemporary life." *Enriquez v. Hawk*, 67 F.3d 301 (7th Cir. 1995) (citation omitted); *see also Ford v. Page*, No. 00 C 1044, 2001 WL 477149, at *5 (N.D. Ill. May 3, 2001) ( "[I]t is unfortunate, but the fact remains that asbestos abounds in many public buildings. Exposure to moderate levels of asbestos . . . cannot, under contemporary standards, be considered cruel and unusual.") (citing *McNeil v. Lane*, 16 F.3d 123, 125 (7th Cir. 1994) (upholding dismissal of an inmate's claim that his

4

placement near asbestos-covered pipes violated his Eighth Amendment rights where the plaintiff failed to prove that he was exposed to unreasonably high levels of asbestos)). A prisoner might be able to state a colorable constitutional claim only if his complaint contained far more serious allegations, such as that he was "forced to stay in a dormitory where friable asbestos filled the air." *Enriquez*, 67 F.3d at 301. The Court questions whether the slight potential of long-term harm posed by brief visits in a jail visiting room could constitute the substantial risk of serious harm necessary for Fourteenth Amendment liability.

      Finally, asbestos and lead are, of course, two very different environmental toxins. If plaintiff is also suing about lead contamination, he must again provide factual grounds for asserting such a claim.

      For the foregoing reasons, the Court dismisses the complaint, without prejudice, for failure to state a claim. If he is able, plaintiff must draft an amended complaint that provides a factual basis for his assertion that the Sheriff exposed him to unsafe levels of asbestos in Division One. Plaintiff must submit his amended complaint on the Court's required form. He must write both the case number and the judge's name on the amended complaint, sign it, and return it to the Prisoner Correspondent. Plaintiff must also fill out a USM-285 (Marshals Service) form for each defendant named in the amended complaint.

      In sum, the Court grants plaintiff's motion for leave to proceed *in forma pauperis*, but dismisses the complaint, without prejudice. Plaintiff must submit an amended complaint in accordance with this order. The Clerk will furnish plaintiff with the necessary forms. If plaintiff fails to comply with these directives by August 22, 2016, the Court will summarily dismiss this action in its entirety.

**SO ORDERED.**              **ENTERED:**    July 20, 2016

                                                       **JORGE L. ALONSO**
                                                       **United States District Judge**